568 A.2d 1357

**Mark E. REISINGER et al., Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, and the American Federation of State, County and Municipal Employees, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Jan. 19, 1990.

586

William H. Andring, for petitioners.

Carol L. Cingranelli, Asst. Counsel, for respondent, Com.

Charles T. Joyce, with him, Alaine S. Williams, Walters & Willig, and Lisa K. Essman, for respondent, American Federation of State, County and Mun. employees.

Before DOYLE and BARRY, JJ., NARICK, Senior Judge.

DOYLE, Judge.

Before us for consideration are two sets of preliminary objections filed respectively by respondents, the Commonwealth of Pennsylvania, Department of Corrections (Commonwealth) and The American Federation of State, County and Municipal Employees (AFSCME), to a petition for review filed by twelve named petitioners (collectively Petitioners) each of whom applied for a position with the Department of Corrections as a Correctional Officer at the State Correctional Institution at Camp Hill (SCI–Camp Hill). By order of this Court dated July 19, 1989 we directed that the

petition for review be regarded as one addressed to our original jurisdiction.

Petitioners allege in their three-count petition that after applying for positions with the Department of Corrections they received notices directing them to report on September 29, 1987 to SCI–Camp Hill at which time each was offered employment as a Correctional Officer, and that each Petitioner accepted the employment offer on September 29, 1987. Further, Petitioners allege that at that time each was presented with payroll and benefit information. It is further alleged that on September 30, 1987, the Superintendent of the institution sent to each petitioner a letter stating that he or she had been appointed as a Corrections Officer Trainee and that said letter also contained payroll and benefit information. Each Petitioner reported for work on October 13, 1987 as per the instructions in the September 30 letter.

The petition further alleges that AFSCME was the collective bargaining agent or representative for each Petitioner and that the collective bargaining agreement which forms the basis for this petition covered the period from July 1, 1987 to June 30, 1989. This agreement was arrived at pursuant to an interest arbitration proceeding and subsequent award stating that its implementation date was October 1, 1987, although it bears the signature of the Chairman of the arbitration panel dated October 12, 1987. Because there was a diminution of certain employee benefits under the terms of the award, Petitioners would fare better if they were hired before "the date of the award" and be worse off in terms of salary and leave time, etc. if they were, in the terms of the award itself, "hired after the date of this award." The date of their hire, therefore, and concomitantly, the date of the award, are of critical significance to the underlying substantive issue, but of little significance in our determination of the preliminary objections.

Petitioners pled that they were hired on September 29, 1987 as verified by the September 30 letter, and also pled

that the "date of the award" was not October 1, 1987 because the award was not signed or issued on that date and could not be October 12, 1987 because that was Columbus Day, a legal holiday in Pennsylvania. They thus argue that the date of the award must be October 13, 1987 or some later date. Therefore, whether their date of hire was September 29 or their first day on the job, *i.e.*, October 13, 1987, they were hired before the "date of the award."

Believing they are entitled to the benefits provided by the award, Petitioners further aver that they repeatedly asked AFSCME to represent them in an action to obtain these benefits. According to the petition AFSCME has refused to process any grievance on behalf of Petitioners or proceed to arbitration. Petitioners aver that AFSCME has exhibited bad faith in failing to process their grievance, and, that it has refused to represent Petitioners "simply to avoid causing any 'trouble' with the Commonwealth or incurring any expense, and for the express purpose of favoring those persons who were members of Defendant AFSCME on [or before] October 1, 1987 which members receive substantially higher salaries and benefits than do [Petitioners] who were not members of Defendant AFSCME on October 1, 1987." Finally, they aver that the Department of Corrections has been in collusion with AFSCME in denying Petitioners the compensation which they seek and by "acting in concert with Defendant AFSCME to conceal from [Petitioners] the true and correct 'date of this award' and by cooperating with Defendant AFSCME to avoid arbitration of this dispute."

The relief sought by Petitioners in Count 1 is judgment in an amount equal to the difference in the wages, sick leave and annual leave which has been received by Petitioners and that which they believe they should have received.

In Count 2 of their petition, Petitioners seek to be "restored to their proper employment classifications pursuant to the Collective Bargaining Agreement" and ask this Court to enter an order directing the Commonwealth to classify them as if they had been hired before the date of the award.

In Count 3 of their petition, Petitioners maintain that equity requires that AFSCME be required to process their grievances and that both AFSCME and the Commonwealth be compelled to proceed to arbitration. The relief sought in this count is an order compelling arbitration.[1]

The Commonwealth has filed preliminary objections in the nature of a demurrer separately as to each count and a preliminary objection challenging the jurisdiction of this Court to all three counts insofar as Petitioners allege discriminatory treatment based upon non-union status. AFSCME has filed preliminary objections moving to strike the pleadings because of lack of conformity to law with regard to Counts 1 and 2 only. In actuality, we read AFSCME's preliminary objections also as being in the nature of a demurrer. It is significant that AFSCME interposes no preliminary objections to Count 3 of the petition. We, of course, recognize that preliminary objections in the nature of a demurrer admit as true all well-pled facts material to the complaint and all inferences deducible therefrom. *Close v. Voorhees*, 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982). Legal conclusions, unjustified inferences, argumentative allegations, and expressions of opinion are not deemed admitted. *Id.*

Specifically, the Commonwealth maintains with respect to Count 1, that Petitioners have failed to plead specific facts demonstrating any alleged collusion between the Commonwealth and AFSCME, and Petitioners have failed to plead facts from which it could be inferred that the Commonwealth in any way conspired with AFSCME to deny Petitioners' their rights. It thus asserts that damages, such as

---

1. We note that Petitioners have joined causes of action in equity, administrative law dealing with employee classification, and civil law for money damages. We strongly disapprove of such practice although neither respondent objects to it here. *See generally* Pa.R.A.P. 1561(c) and Pa.R.A.P. 1513(c); *see also generally* Standard Pennsylvania Practice 2d § 80:5 (1983) (there is no authority to join a legal and an equitable cause of action in the same complaint); *but see* Goodrich Amram 2d § 1508:1 (1977) (plaintiff may join equitable and alternative non-equitable causes of action).

those sought in Count 1, are unavailable to Petitioners herein. We agree with this assertion.

It is clear that in Pennsylvania an aggrieved employee is not, as a general rule, entitled to sue his public employer directly for a breach of a collective bargaining agreement in a situation where a union in bad faith has refused to proceed to arbitration and no specific facts are pled that the employer has participated in the union's bad faith. *Ziccardi v. Department of General Services*, 500 Pa. 326, 456 A.2d 979 (1982). As Justice Hutchinson wrote:

We hold, as a general rule, that an employee has no right to sue his employer in equity and assumpsit for wrongful discharge where his union has refused to proceed to arbitration. Of course, we do not here reach the situation where he alleges and shows by specific facts that the employer actively participated in the union's bad faith, or conspired with it to deny the employee the job protection accorded him by the collective bargaining agreement. By giving the employee an unfettered right to sue the employer for the union's bad faith, we would relieve the wrongdoer of any effective sanction, make the plaintiff whole at the expense of an innocent party and bind that innocent party by the action of the plaintiff's agent, over whom it has no control.

*Ziccardi*, 500 Pa. at 332, 456 A.2d at 981–82. Thus, where there has been a breach on the part of the union of its duty of fair representation and no collusion on the part of the employer is shown, the employee cannot obtain a direct remedy against the employer but only a court order compelling the union to proceed to arbitration with the grievance.

There is, however, as indicated, an exception to the general rule and that exception exists where the employee alleges and shows by *specific facts* that the employer actively participated in the union's bad faith or conspired with the union to deny the employee his rights under the collective bargaining agreement. *Speer v. Philadelphia Housing Authority*, 111 Pa. Commonwealth Ct. 91, 533 A.2d 504 (1987); *see also Martino v. Transport Workers'*

*Union of Philadelphia, Local 234,* 505 Pa. 391, 480 A.2d 242 (1984). In such a situation a trial court may award damages. *Speer.*

■ With respect to Count 1, the question is simply whether specific facts have been pled which would bring Petitioners within the *Speer/Martino* exception allowing damages. We hold that as a matter of law Petitioners have not pled such facts. A review of their petition indicates the existence only of the above-quoted conclusory allegations.[2] At oral argument counsel for Petitioners asserted that the October 12, 1987 date appearing on the award had been placed there *by the arbitrators* solely to avoid granting Petitioners the benefits of the award. Under this theory, which was not even remotely specific or clearly pled, Petitioners would need to show that there was collusion not only between the union and the Commonwealth, but also between the two respondents and their arbitrators as well. The petition contains absolutely no such allegations. Furthermore, the award itself indicates that the "neutral" third arbitrator signed the award on October 12, 1987, and that the other two arbitrators voted either to "concur" or "dissent," section by section, with each section of the award. *When* they signed the award and either concurred or dissented cannot be determined by any reference to the document itself. Nor is any collusion with the third "neutral" arbitrator pled in the petition. Thus, we must sustain the demurrer as to Count 1.

■ With respect to Count 2, the Commonwealth contends that Petitioners have failed to plead any facts indicating that they have been improperly classified and have failed to plead that they ever sought to have AFSCME represent them in a grievance proceeding challenging employment classification. We agree that Petitioners have pled no facts indicating that they have been misclassified and, thus, the demurrer is properly sustained as to this count.

2. There has been no request to amend the petition.

Finally, as to the third count, to which only the Commonwealth demurs, the Commonwealth argues that before a court can order arbitration between an employer and a union an aggrieved employee must prove that the union acted in bad faith and bad faith must be specifically pled. This is true. *See Martino.* We disagree, however, with the Commonwealth's argument that the instant petition is lacking in this regard. In paragraph 17 of their petition Petitioners allege:

Defendant [AFSCME], through its agent Barry Walker and other agents and representatives, has refused to process any grievance on behalf of [Petitioners] or to proceed to arbitration concerning the breach of contract by the Commonwealth, referred to previously, despite the repeated requests of [Petitioners] that Defendant AFSCME so represent them.

We believe that this allegation is factually sufficient to withstand the Commonwealth's demurrer; however, this does not mean that Petitioners are *presently* entitled to the relief sought in this count, *i.e.*, an order compelling arbitration. We hold merely that they have stated sufficient facts so as to permit their case to withstand the demurrer and allow the issue of AFSCME's bad faith to be litigated.

Further, we are reluctant to dismiss the Commonwealth from the case because, while it is not directly concerned with the question of AFSCME's bad faith, its joinder is proper if an order compelling arbitration is entered so that Petitioners can obtain a full and adequate remedy. *Martino.* Indeed, the Commonwealth admits at paragraph 13 of its preliminary objections that it can be "joined in an action against AFSCME solely for the purposes of implementing an order granting relief by way of compelling arbitration." Although ordinarily, the refusal of a public employer to proceed to arbitration would be an unfair labor practice under Section 1201(a) of the Public Employe Relations Act [3] (PERA) within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (Board) under Section 1301 of

3. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.1201(a).

that Act, 43 P.S. § 1101.1301, *Commonwealth v. Pennsylvania Labor Relations Board,* 78 Pa. Commonwealth Ct. 419, 467 A.2d 1187 (1983); an action in equity against a union where the employer is only added as a party defendant conditionally so as to provide a complete and adequate remedy, would be an exception to that general rule.

With respect to the Commonwealth's jurisdictional preliminary objection, it maintains that to the extent Petitioners pled that the union has discriminated against them as non-union bargaining employees, the remedy is with the Pennsylvania Labor Relations Board by a complaint alleging an unfair labor practice. As to counts 1 and 2, there is no need to address this preliminary objection since we have sustained the demurrers. With respect to count 3, as previously explained, our caselaw provides an exception to the general rule that the Pennsylvania Labor Relations Board has jurisdiction. Thus, this jurisdictional objection is overruled.

The Union's demurrer, as to Counts 1 and 2 is the same as that of the Commonwealth and, hence, its preliminary objections must be sustained also.

## ORDER

NOW, January 19, 1990, it is hereby ordered that the preliminary objections of the Respondents in the nature of a demurrer are hereby sustained as to Counts 1 and 2; the Commonwealth's preliminary objections to Count 3 are overruled. The Respondents are directed to file answers to the petition within thirty days of entry of this order.