IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Taylor,                          :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Commonwealth of Pennsylvania              :
Department of Corrections,                :    No. 77 M.D. 2022
                    Respondent            :    Submitted: September 30, 2022


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: March 1, 2023


            Before the Court in our original jurisdiction is the preliminary objection
of the Pennsylvania Department of Corrections (Department) to the "Petition for
Writ of Mandamus" (Petition) filed by Jeffrey Taylor (Taylor), *pro se*. After
submission of this case for disposition of the preliminary objection, Taylor also filed
a "Motion for Judgment on the Pleading" (Motion). For the following reasons, we
sustain the Department's objection, dismiss Taylor's Motion as moot, and dismiss
the Petition.


                            **I. Background**

            Taylor is an inmate at the State Correctional Institution at Fayette (SCI-
Fayette). Petition at 2, ¶ 2. In November 1996, Taylor was convicted of third-degree

murder in the Allegheny County Court of Common Pleas (sentencing court) and sentenced to 10 to 40 years' imprisonment. *See id.*, Exhibit D, Sentence Status Summary at 1. In March 1998, Taylor was convicted in the same court of the crimes of robbery, robbery of a motor vehicle, criminal conspiracy to commit robbery, and kidnapping and received sentences totaling 25 to 80 years' incarceration. *See* Preliminary Objection (P.O.), Exhibit A, Sentencing Orders at 1-2.[1] The sentencing orders stated that Taylor was to serve the sentences consecutively to each other and to the sentence imposed in 1996, further specifying the order in which the sentences were to be served.[2] *See id.* On March 30, 1998, sentencing forms bearing the seal of the minute clerk were issued. *See* Petition, Exhibit A, Minute Clerk Forms at 1-6. Each form contained a notation in the bottom-left corner confirming that the sentences were to run consecutively to each other and to Taylor's prior sentence, and also the order in which the sentences were to be served. *Id.*

In February 2022, Taylor filed his Petition, asserting that the "[Department] refuse[d] to acknowledge the commencement of [his] concurrent

---

[1] The Department included Taylor's sentencing orders as Exhibit A to its preliminary objection, as Taylor failed to attach them to his Petition. *See* Preliminary Objection (P.O.) at 2, ¶ 8 (citing *Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006) (noting that "a limited exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a [petitioner] has averred the existence of certain written documents and premised his cause of action upon those documents")).

[2] We note that although portions of the sentencing orders are indecipherable, the legible portions plainly indicate that the sentencing court imposed the sentences to run consecutively. *See* P.O., Exhibit A, Sentencing Orders at 1-2. Pursuant to the sentencing orders, the sentence imposed at count 1 shall take effect at the expiration of the sentence imposed at count 3, the sentence imposed at count 2 shall take effect at the expiration of the sentence imposed at count 4, the sentence imposed at count 3 shall take effect at the expiration of "any other sentence now serving" and the sentence imposed at count 4 shall take effect at the expiration of the sentence imposed at count 1. *Id.*

sentence from the effective date of March 30,1998[.]" Petition at 2, ¶ 4.[3] Taylor contends that the Department erred in "accept[ing] the ambiguous 'notations' on each sentencing order that [his] charges [were to run] consecutive to each other." *Id.* According to Taylor, the sentencing orders create "ambiguity" because they bear an effective date of March 30, 1998, and "[i]t is only at the bottom of each sentencing order . . . [that] notations [indicate] that each sentence is [to run] consecutive[ly]." *Id.* at 3, ¶ 5.[4] Taylor maintains that "[t]hese notations are incorrect and do not accurately depict [his] sentence," reasoning that "[i]f these sentences were to be consecutive, the effective date of each sentence would have been left blank[.]" *Id.*

Taylor contacted the sentencing court to attempt to rectify the alleged discrepancy in the sentencing orders. Petition at 3, ¶ 7. In response, the sentencing court sent Taylor a copy of his DC-300B commitment form, which Taylor then forwarded to SCI-Fayette.[5] *Id.* at 3, ¶¶ 8-9; *see also* Petition, Exhibit B, DC-300B Form at 1-4. Taylor asserts that the DC-300B form bolsters his claim, as it indicates a start date of March 30, 1998 for each sentence. Petition at 3, ¶ 8. Taylor complained to the Department that SCI-Fayette ignored his DC-300B form. *Id.* at 3, ¶ 10 (citing Exhibit C, Letter, 11/2/21). A records specialist with the Department

---

[3] Taylor indicated that he included the sentencing orders as Exhibit A to his Petition. *See* Petition at 2, ¶ 4 (citing Petition, Exhibit A, Minute Clerk Forms). However, Exhibit A in fact contains the minute clerk forms.

[4] Unlike the minute clerk forms, the sentencing orders attached to the Department's preliminary objection do not bear any notation in the bottom left-hand corner. *See* P.O., Exhibit A, Sentencing Orders at 1-2.

[5] "Upon commitment of an inmate to the custody of the Department . . . , the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to" the inmate's sentencing order and other pertinent information, "a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system[.]" Section 9764(a) of the Sentencing Code, 42 Pa.C.S. § 9764(a); *see also* Section 96.4 of the Department's Regulations, 37 Pa. Code § 96.4.

responded, explaining that SCI-Fayette could only accept DC-300B forms received directly from the sentencing court. *Id.* at 4, ¶ 12 (citing Exhibit C, "MEMO," 1/27/22). The records specialist further explained that written orders are "always used" to calculate sentences, and that any concerns regarding a possible discrepancy between these orders and the DC-300B form should be directed to the sentencing judge. *Id.* (quoting Exhibit C, "MEMO," 1/27/22).

Nevertheless, Taylor asserts that the Department should have contacted the sentencing judge regarding whether his sentences were to be served concurrently or consecutively. *Id.* at 4, ¶ 15. Taylor insists that the Department "alter[ed]" his sentencing orders and the DC-300B form. *Id.* at 5, ¶ 16. Further, Taylor maintains that the Department may not modify or disregard the DC-300B form, as it is generated by the sentencing court. *Id.* Moreover, Taylor asserts that the Department is obligated to faithfully implement sentencing orders and may not add or delete sentencing conditions. *Id.* at 5, ¶ 17 (*McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2002)).

Accordingly, Taylor requests that this Court issue a writ of mandamus ordering acceptance of his sentences as commencing on March 30, 1998 and "forward a copy direct to the records specialist at SCI-Fayette . . . , so that his sentence can be changed to reflect the appropriate effective date." *See* Petition at 5.

On April 5, 2022, the Department demurred to the Petition on the basis that Taylor lacks a clear right to the requested relief. *See* P.O. at 6, ¶ 23.[6] On January

---

[6] In April 2022, Taylor submitted a praecipe for default judgment, asserting that the Department failed to file a responsive pleading to his Petition within the required time. *See* Praecipe for Default Judgment, 4/13/22 This Court dismissed Taylor's praecipe on the basis that the Department timely filed its preliminary objection. *See* Cmwlth. Ct. Order, 4/21/22.

18, 2023, Taylor filed his Motion, requesting that this Court dismiss the Department's preliminary objection and grant the relief sought in the Petition. *See* Motion at 1-5 (citing Pa.R.Civ.P. 1034; Pa.R.A.P. 1532). The Department responded that the Motion was premature, as the Department had yet to file an answer to Taylor's Petition. *See* Answer to Motion, 1/30/23 at 3 (citing Pa.R.Civ.P. 1034).

## II. Issues

The Department argues that this Court should dismiss the Petition because Taylor fails to plead facts sufficient to establish a clear right to the requested relief. Department's Br. at 11. The Department contends that it "is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *Id.* (quoting *McCray*, 872 A.2d at 1133). Further, the Department asserts that sentencing orders control when any ambiguity exists. *See* Department's Br. at 12 (citing *Commonwealth v. Isabell*, 467 A.2d 1287, 1293 (Pa. 1983)). The Department maintains that both the sentencing orders and the minute clerk forms indicate that the sentencing court imposed Taylor's sentences to run consecutively. *Id.* at 13. Thus, the Department contends that it properly calculated Taylor's sentence. *Id.* at 14.

---

Also in April 2022, Taylor filed an answer with new matter to the Department's preliminary objection. *See* Answer with New Matter, 4/20/22. The Department filed a motion to strike Taylor's answer with new matter on the basis that an answer to preliminary objections may not include new matter. *See* Motion to Strike, 4/27/22 at 2-3, ¶¶ 10-12 (citing Pa.R.A.P. 1516(b); Pa.R.Civ.P. 1017(a)(4)). By order dated April 29, 2022, this Court granted the Department's motion to strike without prejudice to Taylor to file a responsive pleading to the Department's preliminary objection. Cmwlth. Ct. Order, 4/29/22.

Taylor likewise acknowledges that the Department is charged with faithfully implementing court-imposed sentences. *See* Taylor's Br. at 9 (citing *McCray*, 872 A.2d at 1133). Nevertheless, Taylor counters that neither the sentencing orders nor the minute clerk forms support the Department's position, as "a consecutive sentence does not show the date the sentence is to begin." *Id.*[7] Taylor contends that the provision of March 30, 1998 as the effective date for each of the disputed sentencing orders establishes that his sentences are to be served concurrently. *See id.* at 10. Further, Taylor maintains that a writ of mandamus is an appropriate remedy because his right to the requested relief constitutes a question of law that does not involve the Department's exercise of discretion. *See id.* at 10.

## III. Discussion

### A. Preliminary Objections

In ruling on preliminary objections,

> our review is limited to the pleadings. . . . We are required to accept as true the well-[pleaded] averments set forth in the . . . [petition for review], and all inferences reasonably deducible therefrom. . . . Moreover, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. . . .

*Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006) (citations omitted). A preliminary objection to the legal sufficiency of a pleading, commonly known as a demurrer, raises questions of law, and we "must decide whether it is clear from the well-

---

[7] As noted above, Taylor mistakenly relied on the minute clerk forms instead of the sentencing orders. *See supra* note 3.

pleaded facts and reasonable inferences from those facts that the [petitioner] has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017). "Preliminary objections in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Id.* at 274. "[T]he question presented by [a] demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt–Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "In addition, courts reviewing preliminary objections may not only consider the facts [pleaded] in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). However, in the context of a demurrer, the Court need not accept as true any averments in the petition that conflict with the exhibits attached thereto. *Id.* (citing *Philmar Mid-Atl., Inc. v. York St. Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989)).

To obtain a writ of mandamus, a petitioner possesses a "threshold burden . . . to establish a clear legal right to relief." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014) (citations omitted). As this Court has explained,

> [m]andamus is an extraordinary remedy available only to compel the performance of a ministerial act or mandatory duty on the part of a governmental body. The Department is an administrative agency charged with faithfully carrying[]out sentences imposed by the courts, and is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray*[], . . . 872 A.2d [at] 1133 . . . . Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to

7

> compel the Department to properly compute a prisoner's sentence.

*Commonwealth, ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (citations omitted). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *LeGrande v. Pa. Dep't of Corr.*, 894 A.2d 219, 223 (Pa. Cmwlth. 2006) (citing *Africa v. Horn*, 701 A.2d 273 (Pa. Cmwlth. 1997)).

We agree with the Department that Taylor's pleading fails to establish a clear legal right to mandamus relief compelling acceptance of his sentences as running concurrently. *See Tindell*, 87 A.3d at 1034. Taylor asserts that the March 30, 1998 effective date for the sentencing orders gives rise to "ambiguity," as "[i]t is only at the bottom of each sentencing order . . . [that] notations [indicate] that each sentence is [to run] consecutive[ly]." Petition at 3, ¶ 5.[8] Nevertheless, Taylor maintains that these notations are incorrect, reasoning that the sentencing court would have omitted the effective date in imposing the sentences to run consecutively. *See id.* Taylor, therefore, insists that the Department should have construed the inclusion of the effective date as evidencing the sentencing court's intent to provide for concurrent service of the sentences. *See id.*; *see also* Taylor's Br. at 10.

As noted by both parties, the Department "is charged with faithfully implementing sentences imposed by the courts" and "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray*, 872 A.2d at 1133. "A sentence . . . is to be construed so as to give effect to the intention of the sentencing judge." *Powell*, 14 A.3d at 915. "The text of the sentencing order

---

[8] We reiterate that Taylor apparently reviewed the minute clerk forms instead of the sentencing orders. *See supra* note 3.

8

is determinative of the court's intentions and the sentence imposed. We are limited to the language of the sentencing order itself, despite any oral statements the sentencing court may have made to the contrary." *Comrie v. Pa. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016) (citations omitted).

> Pursuant to Pennsylvania Rule of Criminal Procedure 705(B),
>
> [w]hen more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, *the judge shall state whether the sentences shall run concurrently or consecutively*. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705(B) (emphasis added). Fatal to Taylor's claim, the sentencing orders clearly provide for consecutive service, further specifying when each "sentence [is] to begin and take effect[.]"[9] P.O., Exhibit A, Sentencing Orders at 1-2. Thus, the sentences do not collectively "commence" from the March 30, 1998 "date of imposition." Pa.R.Crim.P. 705(B).[10] Moreover, Taylor provides no authority in support of his "preferred reading" of the sentencing orders as providing for concurrent service of the sentences imposed therein. *Cf. Montgomery v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 525 M.D. 2015, filed Aug. 22, 2018), slip op. at 4-5 (rejecting the Department's "attempts to buttress its interpretation" of the disputed sentencing orders by asserting that they should be "read together," where the

---

[9] *See supra* note 2.

[10] The minute clerk forms attached to the Petition corroborate the substance of the sentencing orders attached to the preliminary objection. In considering the Department's demurrer, the Court need not accept as true any averments in the Petition that conflict with the attached exhibits. *See Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007)

9

Department "cite[d] to no authority to support this proposition," instead "choos[ing] to disregard the plain text" in favor of "its preferred reading").[11]

We, therefore, conclude that Taylor fails to establish a clear legal right to an order directing the Department to disregard the plain terms of the sentencing orders. *See Forbes v. Pa. Dep't of Corr.*, 931 A.2d 88, 90-92 & 95 (Pa. Cmwlth. 2007), *aff'd*, 596 Pa. 492, 946 A.2d 103 (Pa. 2008) (denying inmate's application for summary relief, sustaining the Department's preliminary objections and dismissing inmate's mandamus petition, where inmate did not possess a clear legal right to an order directing the Department to deaggregate his consecutive sentences); *see also Yocum*, 161 A.3d at 233-34; *Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 869 (Pa. Cmwlth. 1995).

### B. Motion for Judgment on the Pleadings

"At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b); *see also* Pa.R.Civ.P. 1034 (relating to judgment on the pleadings). "A motion for judgment on the pleadings may summarily dispose of a case only when there exists no genuine issue of fact and the moving party is entitled to judgment as a matter of law." *Casner*, 658 A.2d at 869. "When considering a motion for judgment on the pleadings, the court must consider the pleadings and relevant documents, including preliminary objections[.]" *Pa. Off. of Attorney Gen. ex rel. Corbett v. Richmond Twp.*, 975 A.2d 607, 612 n.5

---

[11] We observe that the sentencing court imposed the sentencing orders roughly in 1998. "[T]he presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged." *Commonwealth, ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 917 (Pa. Cmwlth. 2011) (citing *Commonwealth v. Quinlan*, 639 A.2d 1235, 1240 (Pa. Super. 1994) (brackets omitted)).

10

(Pa. Cmwlth. 2009) (first citing Pa.R.Civ.P. 1017(a); and then citing Pa.R.Civ.P. 1034(a)).  Here, no answer has been filed to the Petition, as the Department instead filed a preliminary objection, and the Petition does not demonstrate a clear right to relief.  The preliminary objection must be disposed of first, in order to determine whether an answer to the Petition is required.  Because we sustain the Department's preliminary objection, no answer is required, and we do not reach the Motion. Accordingly, it will be dismissed as moot.

## IV. Conclusion

For the foregoing reasons, we sustain the Department's preliminary objection, dismiss Taylor's Motion as moot, and dismiss the Petition.


_____
CHRISTINE FIZZANO CANNON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Taylor,                        :
                    Petitioner         :
                                       :
        v.                             :
                                       :
Commonwealth of Pennsylvania           :
Department of Corrections,             :    No. 77 M.D. 2022
                    Respondent         :

# O R D E R

AND NOW, this 1st day of March, 2023, the preliminary objection of the Pennsylvania Department of Corrections is SUSTAINED, the "Motion for Judgment on the Pleading" filed by Jeffrey Taylor (Taylor) is DISMISSED AS MOOT, and the "Petition for Writ of Mandamus" filed by Taylor is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge